CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 2 4 2006

JOHN F. CORCORAN, CLERK
BY:
　　DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL BOONE, | ) | |
| 　　Petitioner, | ) | Civil Action No. 7:06cv00212 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | By: Samuel G. Wilson |
| 　　Respondent. | ) | United States District Judge |

Petitioner Michael Boone, a federal inmate proceeding pro se, brings this action, claiming that in March 2006, prison officials violated his due process rights by placing him in administrative detention without a hearing and seeks immediate release to a general population unit. Boone styles his suit as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241; however, the court construes it as a due process claim brought under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).[1] Finding that Boone has failed to state a claim for which the court may grant

---

[1] Boone claims only that prison officials have transferred him to an administrative detention unit. Boone does not claim that this transfer in any way will affect the duration of his sentence. Therefore, habeas relief is unavailable to him. See Presier v. Rodriguez, 411 U.S. 475, 484 (1973)(holding that challenges to the validity of confinement or the particulars of its duration are properly raised in a habeas corpus action); Muhammad v. Close, 540 U.S. 749, 754-55 (2004)(finding that plaintiff's claim alleging an improper disciplinary conviction which did not actually affect the duration of his sentence failed to raise a cognizable claim for habeas relief)

　　The court recognizes that the Supreme Court has suggested that there may be occasions when conditions of confinement are so onerous as to effect a sentence beyond that authorized by law and that, on those occasions, habeas relief may be available. See Presier, 411 U.S. at 499 (finding that "[w]hen an inmate is put under additional and unconstitutional restraints during lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal"). However, the Supreme Court has specifically held that a transfer out of the general population to a segregation unit, without more, does not constitute an atypical hardship or penalty. Sandin v. Conner, 515 U.S. 472 (1995). The court sees no reason to treat a transfer to an administrative detention unit differently and accordingly finds that Boone may not proceed with a habeas petition.

　　Further, were the court to analyze his claim under § 2241, it would still dismiss his suit. Boone complains only that prison officials have placed him in administrative detention. He does not argue that the conditions there are significantly different from or more onerous than those experienced by other prisoners. Thus, he has not sufficiently alleged that his conditions have

relief, the court dismisses Boone's petition pursuant to 28 U.S.C. § 1915A.

"In order to prevail on . . . a procedural . . . due process claim, [an inmate] must first demonstrate that [he was] deprived of 'life, liberty, or property' by governmental action." Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). An inmate does not have a liberty interest in avoiding isolation or separation from the general prison population. Id.; Sandin v. Conner, 515 U.S. 472, 484 (1995) (holding that protected liberty interests are generally limited to freedom from restraint which imposes atypical and significant hardship on inmate in relation to ordinary incidents of prison life); Jackson v. Smith, 91 F.3d 130 (Table), 1996 WL 380254 (4th Cir.) (unpublished) (affirming district court's judgment as a matter of law that confinement in isolation did not implicate a due-process-protected liberty interest); Kennedy v. Blankenship, 100 F.3d 640, 642 n. 2, 643 (8th Cir.1996) (holding that placement in punitive isolation was not atypical and significant deprivation even though prisoner faced restrictions in mail, telephone, visitation, commissary, and personal-possession privileges). Thus, Boone does not have a liberty interest in avoiding administrative detention and, therefore, has not stated a due process claim. Accordingly, the court dismisses his action pursuant to 28 U.S.C. § 1915A.

**ENTER**: This 24th day of April, 2006.

_United States District Judge_

---

rendered his sentence and custody illegal. See Presier, 411 U.S. at 499.

2